# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALAN MATTHEW FRANCIS, | ) | CASE NO. 1:21 CV 418 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CORE CIVIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Alan Matthew Francis, an inmate in the Lake Erie Correctional Institution (LECI), brings this action under 42 U.S.C. § 1983 against Core Civic, LECI, LECI Warden Fender, LECI Deputy Warden King, LECI Warden's Assistant Bouser, LECI Institutional Inspector Sackett, LECI Unit Manager Hancock, LECI Sergeant Mazza, LECI Officer Sheldon, and the Ohio Department of Rehabilitation and Correction ("ODRC") Legal Services Department. In the Complaint, he contends he was denied due process at a prison disciplinary proceeding. He seeks monetary damages.

**Factual and Procedural Background**

Plaintiff is an Ohio prisoner currently incarcerated in LECI, a private prison owned and operated by Core Civic. He indicates he was involved in an incident on February 19, 2020 that led to conduct charges being brought against him. He does not describe the incident nor does he elaborate on the charges. He only states that Unit Manager Hancock told him, "since you didn't want to knock it off like I told you yesterday, I'm putting you in segregation." (Doc. 1 at 7).

Plaintiff contends he was held in segregation for six days and then released. He alleges that nine days later, he was called to the Rules Infraction Board and was found guilty of the conduct charge. He indicates the conduct report had expired at the time of the hearing. It appears there may have been another hearing that took place earlier. Plaintiff alleges he was not asked to attend that hearing. He alleges that the initials "RTS" for "refused to sign" were written in the blank where his signature would go. He contends he was not present at that hearing and did not refuse to sign the form. Plaintiff claims that in addition to the six days he spent in segregation, he was further sanctioned with seven days bunk restriction. He asserts he was denied due process. He seeks monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

The Fourteenth Amendment provides a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations of constitutionally protected interests which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209,

221 (2005). The Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221.

Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Sandin*, 515 U.S. at 484. Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement is considered to be "within the range of confinement normally expected for one serving [a prison sentence]." *Sandin*, 515 U.S. at 487. There is no indication Plaintiff was sanctioned with the loss of good time credits. Absent other allegations, his placement in segregation for six days and bunk restriction of seven days do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Due process protections were not triggered by his disciplinary proceedings.

Furthermore, even if Plaintiff had established that he had a protected liberty interest in the disciplinary proceedings, he has not alleged facts suggesting how the named Defendants can be held liable for these actions. He alleges that Hancock told him to "knock it off" and initiated disciplinary action. He does not allege facts pertaining to any of the other Defendants in relation to this disciplinary action. Although the standard of review is liberal for *pro se* litigants, it

requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must give the Defendants fair notice of what the Plaintiff's legal claims against them are and the factual grounds upon which those claims rest. *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not allege sufficient facts to determine what actions each of the Defendants took that he believes denied him due process. He fails to state a claim against these Defendants.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2021

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.